IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| DANNY JOINER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID BERKEBILE, Warden, )<br>FCI Beckley, )<br>)<br>Respondent. ) | Civil Action No. 5:10-0400 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 26, 2010, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Document No. 1.) On April 8, 2010, Petitioner filed an Addendum to his Petition. (Document No. 4.)[1] Petitioner basically contends that the Bureau of Prisons [BOP] is not considering inmates for designation to Residential Reentry Center [RRC] placement for periods of time longer than six months when 18 U.S.C. § 3624(c) now requires that they be considered for such placement for up to the last twelve months of their sentences. Thus, Petitioner indicates that he has not been considered for RRC placement for a period of time longer than six months. Having examined the record and applicable law, the undersigned finds that the circumstances which Petitioner alleges as grounds for relief under Section 2241 do not indicate that Petitioner is in custody in violation of the Constitution or laws of the United States and therefore respectfully recommends that Petitioner's Petition (Document Nos. 1 and 2.) be dismissed.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## BACKGROUND

By Indictment filed on July 18, 2002, in the Western District of Kentucky, Petitioner was charged with conspiring to manufacture five grams or more of methamphetamine with the intention to distribute it in violation of 21 U.S.C. § 846 (Count One), brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two) and possessing five firearms while using or being addicted to methamphetamine in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2) (Count Three). United States v. Joiner, Criminal No. 1:02-0032 (Document No. 9.) Petitioner pled guilty to the charges contained in Counts One, Two and Three of the Indictment on November 6, 2002 (Id., Document Nos. 39. 40 and 47.). The District Court sentenced Petitioner on March 3, 2003, to a 60 month terms of incarceration on Counts One and Three to run concurrently and a 60 month term of incarceration on Count Two to run consecutively and 4 year terms of supervised release on Counts One and Two and three years on Count Three to run concurrently. The District Court also imposed a $300 special assessment. (Id., Document No. 67.). Petitioner appealed his sentence, and the Sixth Circuit Court of Appeals affirmed it. United States v. Joiner, 123 Fed.Appx. 681, 2005 WL 351152 (C.A.6 (Ky.)), cert. denied, 544 U.S. 1042, 125 S.Ct. 2280, 161 L.Ed.2d 1075 (2005). The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected release date is currently August 22, 2011.

## PETITIONER'S CLAIM

Petitioner contends that, notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007 extending the maximum period of time when the Bureau of Prisons is required to hold a prisoner at the end of his term of incarceration "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner

into the community"from six to twelve months, the Bureau of Prisons has nevertheless implemented a policy and practice of authorizing no inmate more than a 6 month RRC placement. Referring to the BOP's April 14 and November 14, 2008, Memoranda, Program Statement 7310.04 and comments of BOP Director Lappin at a 2008 Sentencing Commission Symposium, Petitioner contends that the BOP has established policies and procedures inconsistent with Congress' direction in enacting the Second Chance Act by creating a presumption that no inmate will be designated to more than six months in a RRC. Construing Petitioner's documents liberally as the Court must, the undersigned finds that Petitioner is claiming that under BOP policies, the BOP will not consider and designate him for RRC placement for a period of time longer than six months when he is entitled to such consideration and designation for a period of time up to twelve months under Section 3624(c). Petitioner further asserts that when the BOP conducts an RRC placement review 17 - 19 months prior to an inmate's projected release date, the inmate does not have adequate time to exhaust administrative remedies prior to the time he becomes eligible for the 12 month RRC placement. Petitioner states that "[i]ncluding document preparation and delivery times, a 180-day period is often required to complete the required internal remedy process." (Document No. 1, p. 13.)

Petitioner states that "[o]n March 17, 2010, Petitioner was individually assessed for pre-release RRC placement, pursuant to 18 U.S.C. § 3624(c). He was informed he would receive an 120-day RRC placement. It was explained that he had lost 30 RRC days for withdrawal from the Residential Drug Abuse Program ('RDAP'), with a second 30-day deduction for dropping out of the GED program. No mention or written report concerning the five-factor review criteria from § 3621(b) was offered." (Document No. 1, p. 23.) Petitioner indicates in his Addendum to his Petition (Document No. 4.) that he filed an informal administrative complaint (BP-8) respecting the BOP's

3

RRC placement decision prior to filing his Petition and was awaiting a response. (Id., p. 1.) Petitioner indicates that thereafter he received the BOP's response and attaches a copy of it to his Addendum as Exhibit A. The response states that "I/M Joiner's case was reviewed under 18 USC 3621(b) and it was determined that a 90 - 120 days RRC placement was appropriate. He recently withdrew from GED and was told that he would be referred for a 120 - 150 days RRC placement if he re-enrolled in GED. 18 USC 3621(b) does not state that inmates are entitled to a 365 days RRC placement but that every case needs to be reviewed using the five factor analysis criteria." Petitioner indicates that he requested administrative review of the BOP's response by submitting a BP-9 and attaches a copy of it to his Addendum as Exhibit B. Petitioner states that he "does not dispute the Bureau's Section 3621(b)(3) determinations. What Petitioner does dispute is the Bureau's use of a 180-day RRC placement as the base for its overall placement considerations." (Document No. 4, p. 3.) Petitioner requests that the Court order the BOP to use twelve months as the basis for considering his RRC placement and grant him ten months RRC placement. (Id., p. 4.)

## DISCUSSION

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

**1. Exhaustion Requirement:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir.

2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days

5

respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Petitioner indicates that he did not exhaust his administrative remedies prior to initiating this action on March 26, 2010.[2] Petitioner has submitted copies of administrative remedy documents indicating that he processed the claim which he raises herein to the BP-9 level. It is not evident that he took his claim to the Regional Director or General Counsel level. Petitioner, therefore, failed to fully exhaust his administrative remedies prior to filing the instant action. Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear,

---

[2] Petitioner states that he was assessed for RRC placement on March 17, 2010. Presumably, he was informed of the BOP's decision then or soon thereafter. He filed his Petition in this matter on March 26 and his Addendum on April 8, 2010. Petitioner could only have begun the administrative remedy process as he says in the short period of time between his learning the BOP's decision respecting his RRC placement and his filing of his Petition initiating this matter.

however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Yannucci v. Stansberry, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner did not exhaust and is not excused from exhausting administrative remedies and his Petition should be dismissed.

2. **Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Disregarding Petitioner's failure to exhaust administrative remedies, it is clear that his Petition must be dismissed because it is evident that the BOP considered how much time he should be designated to RRC placement on an individualized basis and considered Section 3621(b)'s five factors.

Pursuant to 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

>    (1) the resources of the facility contemplated;
>
>    (2) the nature and circumstances of the offense;
>
>    (3) the history and characteristics of the prisoner;
>
>    (4) any statement by the court that imposed the sentence -
>
>        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>        (B) recommending a type of penal or correctional facility as appropriate; and
>
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placement. As amended by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21(a) provides that a prisoner's maximum allowable time in a RRC placement is 12 months. The regulations, however, do not set any minimum amount of time that a prisoner must spend in a RRC. Section 570.22 provides that the BOP will make RRC placement decisions "on an individual basis" and to allow placement "of sufficient

8

duration to provide the greatest likelihood of successful reintegration into the community." The 12 month RRC period is a statutory maximum, and it is not mandatory that prisoners receive 12 months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)(providing that in exercising its discretion in determining when an inmate should be transferred to a RRC, the BOP must consider the five factors set forth in Section 3621(b) and stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). On April 14, 2008, the BOP issued a Memorandum stating that the Regional Director's approval is required for RRC placements beyond six months. Specifically, the Memorandum provides as follows:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Civil Action No. 5:10-0352, Document No. 2, p. 6.) The April 14, 2008, Memorandum further provided that "[b]ecause the Act increases the maximum available pre-release RRC placement timeframe to 12 months, Bureau staff must review inmates for pre-release RRC placement earlier than provided in PS 7310.04. Specifically, inmates must now be reviewed for pre-release RRC placement 17 - 19 months before their projected release dates." 18 U.S.C. § 3624(c)(4) provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Accordingly, "it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D.Va. 2009)(citations omitted). Therefore "the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Id.

It appears from the documents which Petitioner has submitted that the BOP followed Sections 3621(b) and 3624(c), its regulations and Memoranda in considering Petitioner for RRC Placement. The BOP considered Petitioner for RRC placement in March, 2010, about 17 months prior to his projected release date in August, 2011. It is evident that the BOP considered Petitioner's RRC placement under Section 3621(b) and determined on an individualized basis that he should be designated to a RRC for a 90 - 120 day RRC placement. Petitioner is therefore not in custody in violation of the Constitution or laws of the United States, and his Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: November 19, 2010.

R. Clarke VanDervort
United States Magistrate Judge